IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| LIONEL FRANKLIN,<br><br>      Plaintiff,<br><br>  v.<br><br>ER SOLUTIONS, INC., MR. JEFFERSON,<br>PHYLLIS STEVENS, and KEITH DAVIS<br><br>      Defendants. | **COMPLAINT**    FILED: MAY 5, 2008<br>                     08CV2562      TG<br>                     JUDGE NORDBERG<br>                     MAGISTRATE JUDGE SCHENKIER<br><br>Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

---

## COMPLAINT

**I.**    **INTRODUCTION**

      1.    This action is brought by Plaintiff Lionel Franklin for statutory damages against Defendants ER Solutions, Inc., Mr. Jefferson, Phyllis Stevens, and Keith Davis for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II.**    **JURISDICTION**

      2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

**III.**    **PARTIES**

      3.    Plaintiff Lionel Franklin is an individual who resides in Calumet City, Illinois.

      4.    Mr. Franklin is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant ER Solutions, Inc. ("ERSI") is a corporation organized under the laws of the State of Washington located 800 SW 39th Street, Renton, Washington.

6. ERSI is licensed by the State of Illinois as a Collection Agency.

7. ERSI is engaged in the collection of debts from Illinois consumers using the mail and telephone.

8. ERSI regularly attempts to collect consumer debts alleged to be due to another.

9. ERSI was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. Defendant Mr. Jefferson, which may be a fictitious name, is or was an employee of ERSI.

11. Mr. Jefferson is or was engaged in the collection of debts from Illinois consumers using the mail and telephone.

12. Mr. Jefferson regularly attempts or attempted to collect consumer debts alleged to be due to another.

13. Mr. Jefferson was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

14. Defendant Phyllis Stevens, which may be a fictitious name, is or was an employee of ERSI.

15. Ms. Stevens is or was engaged in the collection of debts from Illinois consumers using the mail and telephone.

16. Ms. Stevens regularly attempts or attempted to collect consumer debts alleged to be due to another.

17. Ms. Stevens was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

18. Defendant Keith Davis, which may be a fictitious name, is or was an employee of ERSI.

19. Mr. Davis is or was engaged in the collection of debts from Illinois consumers using the mail and telephone.

20. Mr. Davis regularly attempts or attempted to collect consumer debts alleged to be due to another.

21. Mr. Davis was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

22. Through the purchase of a computer for his personal use, Mr. Franklin incurred an alleged debt to Dell Financial Services ("the Debt").

23. The Debt was incurred for personal, family, or household purposes, *i.e.*, the purchase of a personal computer.

24. ERSI obtained the Debt after it was in default.

25. On February 25, 2008, Mr. Franklin received a partially automated telephone call from ERSI, which was eventually picked up by Ms. Jefferson.

26. Mr. Franklin told Ms. Jefferson that he was not able to speak to her at that time and asked for a telephone number at which to call her back.

27. Ms. Jefferson provided the telephone number 800.622.8033.

28. Telephone calls placed to 800.622.8033 are answered by ERSI.

29. Mr. Franklin called Ms. Jefferson back at 800.622.8033.

30. Ms. Jefferson told Mr. Franklin that she was working with Dell to resolve the Debt.

31. After Ms. Jefferson told Mr. Franklin the amount of the Debt, Mr. Franklin asked if interest was accruing on the balance. Ms. Jefferson said she did not believe interest was accruing.

32. Mr. Franklin stated that he did not understand why the balance of the Debt was so high since no interest was accruing.

33. Ms. Jefferson stated that Dell probably charged fees and interest.

34. Mr. Franklin asked if he could dispute the Debt. Ms. Jefferson stated that it was up to him if he wanted to dispute it.

35. Mr. Franklin stated that he wanted to dispute the Debt. Ms. Jefferson stated that he could not dispute it over the telephone, that he had to dispute it with Dell and not with ERSI.

36. Ms. Jefferson stated that if he chose to dispute the Debt he would be refusing "voluntary resolution."

37. On April 8, 2008, Mr. Franklin called ERSI and spoke to Phyllis Stevens.

38. Mr. Franklin told Ms. Stevens that he had been told he was "refusing voluntary resolution" and asked what that meant.

39. Ms. Stevens stated that it meant he was refusing to pay and left ERSI with no choice but to pursue other ways or methods to get the money.

40. Ms. Stevens asked if Mr. Franklin wanted to resolve the Debt.

41. Mr. Franklin again stated that he disputed the Debt.

42. Ms. Stevens asked Mr. Franklin if he had spoken to Dell about the Debt. Mr. Franklin stated he did not. Ms. Stevens responded that he had to write a letter to Dell. The telephone call ended.

43. On April 9, 2008, Mr. Franklin called ERSI and spoke to Phyllis Stevens.

44. Mr. Franklin again stated that he wanted to dispute the Debt. Ms. Stevens stated that he could dispute it with ERSI, but "it won't go far. You need to dispute it with Dell."

45. Mr. Franklin asked again if he could just dispute the Debt over the telephone. Ms. Stevens stated that he had to dispute it in writing, with details of the dispute.

46. On or about April 7, 2008, ERSI arranged for the preparation and transmittal of a letter to Mr. Frnaklin via facsimile in an attempt to collect the Debt. A copy of ERSI's April 7, 2008, correspondence is attached hereto as Exhibit A (the first page of the transmission was a facsimile cover sheet, which is not attached).

47. Exhibit A states,

> Amount Due: $3182.70
>
> Dear Sir or Madam:
>
> ER Solutions, Inc. has been authorized by our client to handle your account for a total of $3182.70 in payment(s)required as follows:
>
> Your payment of $3182.70 is due in our office by 04-30-2008.
>
> You may endorse your payment(s) "**ACCOUNT PAID**". Please note that our offer will expire if not fully accepted and performed per these terms.

48. On May 1, 2008, Mr. Franklin called ERSI and spoke with Mr. Davis.

49. Mr. Franklin asked Mr. Davis if the offer" in Exhibit A has expired because it was

past April 30. Mr. Davis stated that the offer was for the full balance so it would not expire.

50. Mr. Davis stated that nothing would happen after April 30 aside from more telephone calls to Mr. Franklin.

51. During the telephone call, Mr. Davis stated that he would accept $2,387.03 as payment in full.

52. Mr. Davis stated that Mr. Franklin's "past due" amount was $578.02.

53. Mr. Davis insisted Mr. Franklin pay with a check-by-phone.

54. Mr. Franklin stated that he might be able to pay with a money order.

55. Mr. Davis stated that they do not track money orders, that it can take over a month for a payment by money order to post, and that he has seen cases where it took almost sixty days for a payment by money order to post to an account.

56. Mr. Davis again insisted payment by check-by-phone.

57. On May 5, 2008, Mr. Franklin received a telephone voicemail message from telephone number 281.529.3150.

58. On May 5, 2008, ERSI initiated a call to Mr. Franklin.

59. The May 5, 2008, telephone voicemail message stated, "Hi I'm calling for Lionel Franklin, it's Keith Davis, my name is...uhh...I need you to call my office here as soon as possible at 1.800.622.8033 x5593. Upon calling refer to reference number 43183489. Thanks."

60. The May 5, 2008, telephone voicemail message did not meaningfully disclose ERSI as the identity of the caller.

61. The telephone message did not disclose that the communication was from a debt collector.

**V.     COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT**

62.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

63.     Defendants' violations of the FDCPA include, but are not limited to

   A.     engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

   B.     placing telephone calls without meaningful disclosure of the caller's identify in violation of 15 U.S.C. § 1692d(6);

   C.     using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10);

   D.     creating a false sense of urgency in violation of 15 U.S.C. § 1692e;

   E.     failing to disclose in subsequent communications (after the initial communication) that the communication is from a debt collector in violation of 15 U.S.C. § 1692e(11);

   F.     communicating or threatening to communicate to any person credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8); and

   G.     contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

64.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

**VI.     REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Lionel Franklin requests that judgment be entered in his favor against Defendants ER Solutions, Inc., Mr. Jefferson, Phyllis Stevens, and Keith Davis for:

  A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

  and

  C. For such other relief as the Court may find to be just and proper.

**VII.     JURY DEMAND**

Plaintiff Lionel Franklin hereby demands that this case be tried before a Jury.

    s/ Craig M. Shapiro
    Craig M. Shapiro
    O. Randolph Bragg
    HORWITZ, HORWITZ & ASSOCIATES, LTD..
    25 East Washington Street Suite 900
    Chicago, Illinois 60602
    (312) 372-8822
    (312) 372-1673  (Facsimile)

    ATTORNEYS FOR PLAINTIFF LIONEL FRANKLIN

# EXHIBIT A

Apr. 7. 2008  3:51PM                                                            No. 3952   P. 2/2



**ER Solutions, Inc.**
*A CRI Company*
800 SW 39TH ST
Renton, Washington 98055
281-529-3140
FAX: 281-529-3153

**APRIL 7, 2008**

43183489
LIONEL FRANKLIN

Re:         DELL FINANCIAL SERVICES LLC
Acct#:      6879450129005676302
Amount Due: $3182.70

Dear Sir or Madam:

ER Solutions, Inc. has been authorized by our client to handle your account for a total of $3182.70 in payment(s) required as follows:

Your payment of $3182.70 is due in our office by 04-30-2008.

You may endorse your payment(s) "ACCOUNT PAID". Please note that our offer will expire if not fully accepted and performed per these terms.

In the event your account has been reported to the Credit Bureau previously, once your payment has been processed, our client will update your credit bureau report indicating that this account has been "Paid In Full".

Sincerely,
ER Solutions, Inc.
*B. HAMILTON*
Account Representative

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.